CLAY, Circuit Judge, concurring.
The majority states in footnote four: “Additional discovery may be taken if necessary.” This language is at the very least misleading. It should be noted that additional discovery is not necessary for the qualified immunity inquiry here, because a qualified immunity defendant must argue “merely that his alleged conduct did not violate clearly established law.” Everson v. Leis, 556 F.3d 484, 496 (6th Cir.2009) (citing Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Defendants “must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiffs case.” Id.; Marvin v. City of Taylor, 509 F.3d 234, 244 (6th Cir.2007). Additional discovery with regard to the qualified immunity inquiry would run contrary to caselaw and thwart its purpose. Skousen v. Brighton High School, 305 F.3d 520, 527 (6th Cir.2002) (“By refusing to address qualified immunity when it was raised, the district court had undercut one of the primary rationales for such immunity — to save officials from unwarranted discovery.”) Thus, the language of footnote four risks confusing the district court into believing it would need to take additional discovery with respect to its qualified immunity determination; it does not.
To the extent the language merely encourages the district court to proceed with managing the case, which may include conducting additional discovery related to the merits of each claim asserted against each defendant following this appeal, the district court is fully aware of its power to do so.